## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

**GREEN GENIE, INC., and ALVIN ALOSACHI**,

        Plaintiffs,

                                          Case No.:

v.                                       Hon.

**CITY OF DETROIT, CITY OF DETROIT BOARD OF ZONING APPEALS, AND CITY OF DETROIT BUILDINGS, SAFETY ENGINEERING AND ENVIRONMENTAL DEPARTMENT**,

        Defendants.

---

## COMPLAINT AND JURY DEMAND

Plaintiffs, Green Genie, Inc. and Alvin Alosachi, by and through their attorneys, Howard & Howard Attorneys PLLC, for their Complaint against Defendants, City of Detroit, City of Detroit Board of Zoning Appeals, and City of Detroit Buildings, Safety Engineering and Environmental Department, state:

## THE PARTIES

1.    Plaintiff Green Genie, Inc. is a Michigan corporation with a principal place of business in Detroit, Michigan.

2.    Plaintiff Alvin Alosachi is the owner of Green Genie, Inc.

3.    Defendant City of Detroit is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan.

4.     Defendant City of Detroit Board of Zoning Appeals is a quasi-judicial body, comprised of 7 members, created in accordance with the Michigan Zoning Enabling Act, which has the power to hear appeals from administrative decisions.

5.     Defendant BSEED is an administrative department created and operated by the City of Detroit to assist the City with the enforcement of construction, property maintenance, and environmental compliance.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 (civil rights jurisdiction).

7.     This Court also has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201(a) and 2202, and Fed. R. Civ. P. 57 and 65.

8.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as all events giving rise to the claims herein occurred in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

**A.     Plaintiffs' Proposed Medicinal Marijuana Facility at 16711 Mack**

9.     Plaintiffs filed an application with Defendant BSEED for permission to operate a medicinal marijuana provisioning center in the City's business district, located at 16711 Mack Avenue (the "Proposed Facility").

2

10.     Defendant BSEED denied the application, finding that the Proposed Facility was within 1,000 feet of the St. Clare Montefalco Catholic School (located in Grosse Pointe Park); and, therefore, within a defined "drug-free zone."

11.     A "drug-free zone" is defined in the Defendant City of Detroit's medicinal marijuana ordinance as "an area that is within one thousand (1,000) radial feet of the zoning lot of: . . . (5) A school. . . ."

12.     The operative words, "zoning lot" and "school," are defined in the Detroit Zoning Ordinance, Chapter 61 of the 1984 Detroit City Code, Sections 61-16-171 and 61-16-174.

13.     A "zoning lot" is defined, in pertinent part, as including, "[a] single tract of land located within a single block" that can consist of "[a] single lot of record," "[a] portion of a lot of record," or "[a] combination of complete lots of record" and/or "complete lots of record and portions of lots of record."

14.     The ordinance also uses picture examples to show, in picture form, what constitutes a "zoning lot":



(red emphasis added).

15.     A "school" is defined as "[p]ublic or private schools at the primary, elementary, middle, junior high, or high school level that provide state-mandated basic education."

16.     A church is not included in the definition of "school."

17.     A church's "zoning lots" are not included in a "school's zoning lots."

18.     In other words, for purposes of determining whether a proposed facility falls within a defined "drug-free zone" within the City of Detroit, the appropriate measurement is between the proposed facility and the nearest school's zoning lots.

19.     Moreover, the ordinance does not permit crossing municipal lines to measure the distance between a proposed facility and a school located outside of the City of Detroit.  The ordinance relates to property within the City of Detroit, only.

20.     Plaintiffs' Proposed Facility is over 1,000 radial feet away from the nearest school's zoning lots.  The nearest school is located at 16231 Charlevoix Street in Grosse Pointe Park (the St. Clare Montefalco Catholic School).

21.     Further, as explained the St. Clare Montefalco Catholic School is not even located in the City of Detroit.  It is in Grosse Pointe Park.

22.     The following Property Sketch, which was undertaken by Campbell Surveying Engineering, Inc., confirms that Plaintiffs' Proposed Facility is over 1,000 radial feet away from the St. Clare Montefalco Catholic School:



23.   Even though Plaintiffs' Proposed Facility is undisputedly over 1,000 feet away from the nearest school's zoning lots, and even though the nearest school

is located in another municipality (Grosse Pointe Park and not the City of Detroit), BSEED denied Plaintiffs' application to operate a medicinal marijuana provisioning center, finding that it was located within a "drug-free zone."

24.     Plaintiffs appealed BSEED's decision to the Defendant City of Detroit Board of Zoning Appeals ("BZA").

25.     The BZA upheld the denial of BSEED's determination, relying on BSEED's decision.

26.     Plaintiffs appealed the BZA's decision to the Wayne County Circuit Court, which remanded to the BZA for consideration of new evidence, including the Property Sketch identified above.

27.     On remand from the Wayne County Circuit Court, BSEED submitted correspondence to the BZA confirming that "[t]he measurement to the proposed provisioning center facility to the school is over 1,000 feet."

28.     Moreover, BSEED submitted the Property Sketch to the City's engineering department to review and validate, which the engineering department determined constitutes a correct and accurate measurement.

29.     However, BSEED's correspondence stated that it was for the BZA to determine if the measurement should be to the neighboring church owned by the same Catholic Archdiocese as the school (albeit on different zoning lots).

6

30.     The St. Clare Montefalco School and the neighboring church exist on different zoning lots and they have different addresses.

31.     The church, like the school, is not even located in the City of Detroit. It is located at 1401 Whittier Road, which like the school, is in Grosse Pointe Park.

32.     As shown below, the St. Clare Montefalco School exists on zoning lots 147, 148, 149, 150, and 151, while the church exists on zoning lots 161, 162, 163, 164, 168, 169, 170, and 171:



**School's zoning lots**                    **Church's zoning lots**

33.     The BZA held a hearing on remand from the Wayne County Circuit Court.

34.     The BZA again found that, because the school and church are owned by the same party (Mooney Real Estate Holdings, a holding company operated by the Catholic Archdiocese), the proper measurement should be from Plaintiffs' Proposed facility to the outermost zoning lot of the commonly owned church, not to the school's zoning lots.

35.     In other words, the BZA determined that, because the Catholic Archdiocese owns both the St. Clare Montefalco School and the neighboring church, they are treated as one in the same under the ordinance and that the school's zoning lots extend to and encompass the church's zoning lots.

36.     As a result, the BZA determined that Plaintiffs' Proposed facility is within 1,000 feet of the church, and, therefore, within a "drug-free zone."

37.     Aside from improperly measuring to a church instead of a school to determine if Plaintiffs' Proposed Facility is within a "drug-free zone," the BZA also disregarded the fact that both the school and church are not even in the City of Detroit; as explained, they are in Grosse Pointe Park.

**B.     The Medicinal Marijuana Provisioning Center at 16001 Mack Ave**

38.     A medicinal marijuana provisioning center operating as Mack Wellness, LLC is currently operating at 16001 Mack Ave in Detroit.

39.     However, the distance between the outermost portion of 16001 Mack Avenue and the playground used by the St. Clare Montefalco School (the same

8

school at issue in the measurement from Plaintiffs' Proposed Facility) is less than 1,000 feet.

40.     The playground is owned by the same Catholic Archdiocese that owns the St. Clare Montefalco School and the neighboring church, all of which are located in Grosse Pointe Park.

41.     Wayne County's Geographic Information System ("GIS") confirms that the furthest possible distance between 16001 Mack and the outermost corner for the zoning lots of St. Clare Montefalco School's playground is 962.5 feet:



42.     Despite this, Defendants BSEED and BZA approved Mack Wellness, LLC's application to operate a medicinal marijuana provisioning center at 16001 Mack, and the Defendant City of Detroit has allowed Mack Wellness, LLC to continue to operate at that location, finding that the facility is outside of a "drug-free zone."

43.    In other words, Defendants have used a different test to allow Mack Wellness, LLC to operate at 16001 Mack Ave: instead of measuring the distance from 16001 Mack Ave to the outermost corner of the zoning lot that constitutes the playground operated by the school (which is the equivalent of measuring the distance between Plaintiffs' Proposed Facility and the neighboring *church's zoning lots* instead of the school's zoning lots), they measured the distance between Mack Wellness, LLC's facility to the school's zoning lots, skipping over the zoning lots used by the school as a playground and owned by the same entity, or they simply did not count the playground, school, or church within the measurement because they exist in Grosse Pointe Park, not the City of Detroit.

44.    In simpler terms, Defendants combined the zoning lots of the school with the zoning lots of the church (both of which are located in a municipality outside the City of Detroit) when calculating the distance under the "drug-free zone" ordinance when rejecting Plaintiffs' application, but Defendants did not combine the zoning lots of the school with the school playground lots when accepting the application of 16001 Mack Avenue under the same "drug-free zone" ordinance, or they disregarded the zoning lots altogether because of the fact that they exist in Grosse Pointe Park and not the City of Detroit.

45.    The only possible way to get a measurement greater than 1,000 feet between 16001 Mack Ave and the St. Clare Montefalco School is to either measure

10

to the zoning lots on which the school is situated, not the zoning lots where the school operates its playground, or to disregard the zoning lots altogether because they cross municipal lines and exist in Grosse Pointe Park, not the City of Detroit.

46.     In other words, the measurement can only be greater than 1,000 feet if measuring to the outermost corner of the zoning lot where the school is actually situated (which is what should have been done for Plaintiffs' Proposed Facility but was not) instead of to the outermost portion of the property used by the school as a playground and owned by the same Catholic Archdiocese, or by completely disregarding the zoning lots altogether because they exist in Grosse Pointe Park.

### C.     The Medicinal Marijuana Provisioning Center at 12600 E. Jefferson

47.     A medicinal marijuana provisioning center known as "Detroit Roots" is currently operating at 12604 East Jefferson Ave (legal address 12600 E. Jefferson Ave).

48.     However, the distance between the outermost corner of 12604 East Jefferson Ave. and the nearest school is less than 1,000 feet away.

49.     Wayne County's GIS confirms that the furthest possible distance between 12604 East Jefferson Ave and the nearest school's zoning lot, which contains the school's parking lot, is 961.1 feet:



50.     Only a measurement that goes from 12604 East Jefferson Ave to at least the middle of the parking lot of the school gets to a measurement of above 1,000 feet.

51.     In other words, any measurement that counts the parking lot that is also owned by the school is under 1,000 feet because the outermost corner of the zoning lot that contains the parking lot is not 1,000 feet away from 12604 East Jefferson.

52.     Despite this, Defendants BSEED and BZA approved Detroit Roots' application to operate a medicinal marijuana provisioning center at 12604 East Jefferson Ave, and the Defendant City of Detroit has allowed Detroit Roots to continue to operate at that location, finding that the facility is outside of a "drug-free zone."

53. In other words, Defendants have used a different test to allow Detroit Roots to operate at 12604 East Jefferson Ave: instead of measuring the distance from 12604 East Jefferson Ave to the outermost portion of the zoning lot on which the nearest school's parking lot exists, they measured the distance between Detroit Roots' facility to the zoning lots on which the school sits, skipping over the zoning lots used by the school as a parking lot and owned by the school.

54. In simpler terms, Defendants combined the zoning lots of the school with the zoning lots of the church when calculating the distance under the "drug-free zone" ordinance when rejecting Plaintiffs' application, but Defendants did not combine the zoning lots of the school parking lots when accepting the application of 12604 East Jefferson under the same "drug-free zone" ordinance.

55. The only possible way to get a measurement greater than 1,000 feet between 12604 East Jefferson Ave and the St. Clare Montefalco School is to measure to the zoning lots on which the school is situated, not the zoning lots where the school operates its parking lot.

56. In other words, the measurement can only be greater than 1,000 feet if measuring to the outermost corner of the zoning lot where the school is actually situated (which is what should have been done for Plaintiffs' Proposed Facility but was not) instead of to the outermost portion of the property used by the school as a parking lot and owned by the school.

13

## COUNT I
## <u>VIOLATION OF 42 U.S.C. § 1983 – EQUAL PROTECTION</u>

57.     Plaintiffs incorporate and reallege all prior allegations.

58.     Defendants, acting under color of state law and pursuant to the customs, policies and practices of the City of Detroit, have engaged in conduct that violates Plaintiffs' equal protection rights under the Fourteenth Amendment, Section 1, of the United States Constitution.

59.     Section 1 of the Fourteenth Amendment states, in pertinent part, "No state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

60.     The Equal Protection Clause prohibits treating similarly situated parties differently unless there is a legitimate governmental reason or objective for the disparate treatment.

61.     Defendants have treated Plaintiffs in a discriminatory manner without any valid basis, reason, or objective.

62.     As explained, Plaintiffs applied for approval to operate a medicinal marijuana facility within the City of Detroit.

63.     It is undisputed that Plaintiffs' Proposed Facility is located more than 1,000 feet away from the nearest school's zoning lots, and, as such, outside of a defined "drug-free zone."

14

64.    It is likewise undisputed that the nearest school is in a different municipality, Grosse Pointe Park, and not within the City of Detroit's boundaries.

65.    Yet, Defendants have changed the language of the ordinance and applicable test as it applies to Plaintiffs: instead of measuring the distance between Plaintiffs' Proposed Facility and the nearest City of Detroit school's zoning lots, Defendants instead have measured the distance between Plaintiffs' Proposed Facility and a *church* located in Grosse Pointe Park that neighbors a school (just because the church and school are owned by the same Catholic Archdiocese), and combined the church's zoning lots into the zoning lots of the school.

66.    Not only have Defendants measured the distance between Plaintiffs' Proposed Facility and a church, instead of a school, they crossed municipal lines into Grosse Pointe Park to do so.  As explained, the church is in Grosse Pointe Park, not the City of Detroit.

67.    However, Defendants have applied the measurement under the applicable ordinance outlined above differently as it applies to Plaintiffs, for no valid reason, as compared to how the Defendants have applied the measurement to two other similarly situated parties.

68.    In the case of Mack Wellness, LLC, Defendants measured the distance between Mack Wellness' facility and the zoning lots of the same exact school (or they disregarded the school altogether because it is in Grosse Pointe Park), skipping

over a playground owned by the same Catholic Archdiocese and used as the school's playground.  Had Defendants applied the same improper test as applied to Plaintiffs in this case, they should have measured the distance between Mack Wellness, LLC and the outermost corner of the playground operated by the school and owned by the same Catholic Archdiocese.  Such a measurement is undisputedly under 1,000 feet, confirming that Defendants intentionally employed a different test and measuring process in the case of Mack Wellness, LLC that results in measuring the distance between Mack Wellness, LLC and the zoning lots of the actual school (as opposed to any property commonly owned or operated by the school).

69.     In the case of Detroit Roots, Defendants measured the distance between Detroit Roots' facility and the zoning lots of the nearest school, skipping over a parking lot operated and owned by the school.  Had Defendants applied the same improper test as applied to Plaintiffs in this case, they should have measured the distance between Detroit Roots and the outermost corner of the zoning lot containing the nearest school's parking lot.  Such a measurement is undisputedly under 1,000 feet, confirming that Defendants intentionally employed a different test and measuring process in the case of Detroit Roots that results in measuring the distance between Detroit Roots and the zoning lots of the actual nearest school (as opposed to any property commonly owned or operated by the school).

70.    In Plaintiffs' case, however, Defendants intentionally employed a different test and measurement.  As explained, Defendants measured the distance from Plaintiffs' Proposed Facility to the zoning lots of a *church* located in Grosse Pointe Park, instead of the nearest school, just because the school and church are owned by the same owner.  Moreover, Defendants conducted this improper measurement by crossing into Grosse Pointe Park; the school and church are not located in the City of Detroit and cannot form the basis of a "drug-free zone" within the City of Detroit.

71.    There is no rational basis, nor any reasonable governmental interest or objective that permits treating Plaintiffs differently than Defendants have treated at least Mack Wellness, LLC and Detroit Roots, or for Defendants to employ a different measurement and test under the applicable ordinance as it relates to Plaintiffs versus at least Mack Wellness, LLC and Detroit Roots.

72.    As a direct and proximate cause of the conduct set forth above, Plaintiffs have sustained significant actual harm.  Plaintiffs have expended significant sums to prepare the property, including by signing a long-term lease for the space and paying for and obtaining all requisite building approvals, and they have been unable to continue the process to obtain approval to begin operations, resulting in significant sunk costs.  Plaintiffs' damages continue to grow.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants on Count I, in an amount to be proven at trial, in addition to granting injunctive relief precluding Defendants from enforcing the Defendant City of Detroit's ordinances in a manner that violates Plaintiffs' equal protection rights.  Plaintiffs further respectfully request that this Honorable Court enjoin Defendants from enforcing the ordinances in the manner they have been enforced against Plaintiffs and order Defendants to approve the application submitted by Plaintiffs for the operation of a medicinal marijuana provisioning center at 16711 Mack Avenue.  Plaintiffs also seek an award of costs, interest, and attorney's fees, and any further and other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983 – DUE PROCESS

73.    Plaintiffs incorporate and reallege all prior allegations.

74.    Defendants, acting under color of state law and pursuant to the customs, policies and practices of the City of Detroit, have engaged in conduct that violates Plaintiffs' due process rights under the Fourteenth Amendment, Section 1, of the United States Constitution.

75.    Section 1 of the Fourteenth Amendment states, in pertinent part, "No state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law."

76.    Due process mandates that laws must be applied evenhandedly and in a manner that is not arbitrary or capricious.

77.    Where words and phrases are defined in an ordinance or statute, persons reading the ordinance rely on the fact that the ordinance will be enforced as written.

78.    Defendant City of Detroit has codified a zoning ordinance, which is known as the Detroit Zoning Ordinance, Chapter 61 of the 1984 Detroit City Code.

79.    Defendant City of Detroit has also codified a medicinal marijuana facilities ordinance.

80.    Under the Defendant City of Detroit's ordinances, the words and phrases, "drug-free zone," "zoning lot," and "school" are all clearly defined.

81.    The ordinances make clear that a "drug-free zone" is the distance between a proposed medicinal marijuana facility and the zoning lots of the nearest church.

82.    Moreover, the ordinances provide no basis whatsoever to cross municipal lines and measure the distance between a proposed facility and a property in Grosse Pointe Park.

83.    As applied to Plaintiffs, Defendants have applied the ordinances in an arbitrary and capricious manner that is detached from, and which finds no support in, the plain language of the ordinances, including the definitions of "drug-free zone," "zoning lot," and "school."

19

84.     This arbitrary and capricious application of the ordinances and their definitions has resulted in an ad hoc, arbitrary determination that the ordinances' definitions mean nothing when it relates to Plaintiffs, and that it is appropriate to measure to the zoning lots of a church instead of a school.

85.     Moreover, the arbitrary and capricious application of the ordinances has resulted in measuring the distance between Plaintiffs' Proposed Facility and a church (not even a school) that exists in a different municipality, Grosse Pointe Park, even though the ordinance is a City of Detroit ordinance that applies to property situated within the City of Detroit.

86.     Plaintiffs reasonably relied on the plain language of the ordinance and expected Defendants to apply it as written, especially because this is how Defendants apparently applied the ordinance to others, including Mack Wellness, LLC and Detroit Roots.

87.     Defendants' arbitrary and capricious application of the ordinance as it relates to Plaintiffs constitutes a violation of Plaintiffs' due process rights.

88.     As a direct and proximate cause of the conduct set forth above, Plaintiffs have sustained significant actual harm.   Plaintiffs have expended significant sums to prepare the property, including by signing a long-term lease for the space and paying for and obtaining all requisite building approvals, and they

have been unable to continue the process to obtain approval to begin operations, resulting in significant sunk costs.  Plaintiffs' damages continue to grow.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants on Count II, in an amount to be proven at trial, in addition to granting injunctive relief precluding Defendants from enforcing the Defendant City of Detroit's ordinances in a manner that violates Plaintiffs' due process rights.  Plaintiffs further respectfully request that this Honorable Court enjoin Defendants from enforcing the ordinances in the manner they have been enforced against Plaintiffs and order Defendants to approve the application submitted by Plaintiffs for the operation of a medicinal marijuana provisioning center at 16711 Mack Avenue.  Plaintiffs also seeks an award of costs, interest, and attorney's fees, and any further and other relief the Court deems just and proper.

### COUNT III
### DECLARATORY JUDGMENT

89.     Plaintiffs incorporate and reallege all prior allegations.

90.     An actual case or controversy exists between the parties requiring the Court to declare the rights and interest of the parties.

91.     A "drug-free zone" is defined by the Defendant City of Detroit's medicinal marijuana facilities ordinance as "an area that is within one thousand (1,000) radial feet of the zoning lot of: . . . (5) A school. . . ."

21

92.     The operative words in the definition of "drug-free zone"—"zoning lot" and "school" are also defined.

93.     A "zoning lot" is defined, in pertinent part, as including, "[a] single tract of land located within a single block" that can consist of "[a] single lot of record," "[a] portion of a lot of record," or "[a] combination of complete lots of record" and/or "complete lots of record and portions of lots of record."

94.     The ordinance also uses picture examples to show, in picture form, what constitutes a "zoning lot":



(red emphasis added).

95.     A "school" is defined as "[p]ublic or private schools at the primary, elementary, middle, junior high, or high school level that provide state-mandated basic education."

96.     A church is not included in the definition of "school."

97.     A church's "zoning lots" are not included in a "school's zoning lots."

98.    In other words, for purposes of determining whether a proposed facility falls within a defined "drug-free zone," the appropriate measurement is between the proposed facility and the nearest school's zoning lots.

99.    Moreover, nothing in the ordinance permits Defendants to measure the distance between a proposed facility in the City of Detroit to a property situated in a different municipality, such as Grosse Pointe Park.  The ordinance is a City of Detroit ordinance that defines "drug-free zones" within the City; it does not extend to a neighboring municipality.

100.   Despite these clear and unambiguous words, phrases, and definitions, Defendants have determined that, as it relates to Plaintiffs and Plaintiffs' Proposed Facility, a "zoning lot" includes not only the zoning lots of the nearest school, but also the zoning lots of an adjoining church, just because that church is commonly owned by the same ownership as the school.

101.   Still further, Defendants have determined that it is appropriate to measure the distance between Plaintiffs' Proposed Facility and a church located in a different municipality: Grosse Pointe Park.

102.   As explained, this has resulted in the Defendants applying the definitions of "drug-free zone," "zoning lot," and "school" in a manner that discriminates against Plaintiffs without any valid basis and arbitrarily and

capriciously, on an ad hoc basis, changes the meaning of the words in the ordinances to suit Defendants' ultimate objective.

103. As explained, Plaintiffs are entitled to an equal application of the laws and ordinances in a manner that is not arbitrary and capricious.

104. The Court should adjudge and declare that Defendants' application of the ordinances as applied to Plaintiffs violates Plaintiffs' equal protection and due process rights and enjoin Defendants from applying the ordinances against Plaintiffs in such a manner.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court adjudge and declare that the Defendant City of Detroit's ordinances require measuring the distance between Plaintiffs' Proposed Facility and the nearest school's zoning lots, not the adjoining church's zoning lots, and that the manner in which Defendants have applied the ordinances to Plaintiffs violates Plaintiffs' equal protection and due process rights. Plaintiffs further respectfully request that this Honorable Court enjoin Defendants from enforcing the ordinances in the manner they have been enforced against Plaintiffs and order Defendants to approve the application submitted by Plaintiffs for the operation of a medicinal marijuana provisioning center at 16711 Mack Avenue. Plaintiffs also seeks an award of costs, interest, and attorney's fees, and any further and other relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury for all issues triable by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan F. Karmo
    Jonathan F. Karmo (P76768) (jfk@h2law.com)
    Michael F. Wais (P45482) (mfw@h2law.com)
    Attorneys for Plaintiffs
    450 West Fourth Street | Royal Oak, MI
Dated: April 8, 2021    48067 | 248-723-0325